IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

PETER LAMKA,                          )
                                      )
            Plaintiff,                )    TC-MD 160278R
                                      )
      v.                              )
                                      )
MULTNOMAH COUNTY ASSESSOR,            )
                                      )
            Defendant.                )    **FINAL DECISION OF DISMISSAL**

The court entered its Decision of Dismissal in the above-captioned matter on October 20, 2016. After the Decision of Dismissal was issued, Plaintiff filed a response to Defendant's Motion to Dismiss and Defendant filed a reply in support of its Motion. Neither Plaintiff's response nor Defendant's reply were filed timely and do not alter the analysis contained in the Decision of Dismissal. This Final Decision otherwise incorporates without change the court's Decision of Dismissal, entered October 20, 2016. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule-Magistrate Division (TCR-MD) 16 C(1).

This matter is before the court on Defendant's Motion to Dismiss (Motion), filed August 30, 2016, requesting that the Complaint be dismissed. A Case Management Conference was held in this matter on September 15, 2016. Attorney Marc Griffin appeared on behalf of Plaintiff. Assistant County Counsel, Carlos Rasch, appeared on behalf of Defendant. At the conference the parties agreed that Plaintiff would file a response to the Motion by October 14, 2016. That agreement was memorialized in a Journal Entry dated September 16, 2016, which was mailed to the parties.

FINAL DECISION OF DISMISSAL  TC-MD 160278R                                          1

Plaintiff's Complaint sought to appeal "2005-2013/16" property taxes.[1]  (Compl at 1.) Plaintiff sought the following relief: remove his real property from the foreclosure list, suspend the publication of his property on the foreclosure list, prohibit the foreclosure judgment on his property, review the underlying property liens, and reallocate tax payments paid by Plaintiff and others.  (Compl at 19.)

Defendant's Motion seeks to dismiss Plaintiff's Complaint on four bases: the appeal is untimely, Plaintiff did not file a timely appeal with BOPTA prior to filing the Complaint in this case, Plaintiff is not aggrieved, and this court is not the proper venue in light of the pending judicial foreclosure case pending in the circuit court (case 16CV24117).  (Motion at 1.)  At the Case Management Conference, and in its Journal Entry, the court also instructed the parties to address whether the court has jurisdiction in this case in light of ORS 305.410(1)(m).[2]

The court agrees that Plaintiff's Complaint with respect to his appeal of the 2005-06 through 2013-14 tax years is untimely.  ORS 305.280(1) provides that an appeal must be filed within 90 days "after the act, omission, order or determination become actually known to the person, but in no event later than one year after the act or omission has occurred, or the order of determination has been made."  Plaintiff's Complaint, filed August 8, 2016, is clearly untimely under ORS 305.280(1) for the tax years through 2013-14.  The court also agrees that Plaintiff's Complaint with regard to the 2016-17 tax year is premature as those taxes have not yet been assessed.

The court also finds that it lacks jurisdiction over the subject matter of the Complaint. ORS 305.410(1) provides that the tax court is the "sole exclusive and final judicial authority for

---

[1] The court understands Plaintiff's appeal to be of the 2005-06 through 2013-14 and 2016-17 tax years.

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

the hearing and determination of all questions of law and fact arising under the tax laws of the state." That provision further provides that "the following are not tax laws of this state * * * ORS chapter 312 relating to foreclosure of real and personal property tax liens." ORS 305.410(1)(m). The tax court would have jurisdiction to decide the underlying tax issues, if they were timely. However, to the extent that Plaintiff seeks to contravene the impending foreclosure process, the tax court does not have jurisdiction. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

Dated this ___ day of November 2016.


_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on November 15, 2016.*